(98 South. 420)

No. 26174.

**STATE ex rel. LIVAUDAIS, Dist. Atty., v. PEREZ, Judge.**

**In re LIVAUDAIS, Dist. Atty.**

(Dec. 3, 1923.)

*(Syllabus by Editorial Staff.)*

Criminal law ⬤⟹617—District attorney acquiescing in action of judge in setting cases on own motion cannot complain.

Where a district attorney by summoning witnesses and trying one or more of several criminal cases has acquiesced in the action of the judge in proceeding to call and set for trial such cases without consulting the district attorney and without any request so to do by the defendants therein, he cannot, after refusal of a continuance because of absence of witnesses, complain of such action of the judge.

Application by the State, on the relation of Philip R. Livaudais, District Attorney, against L. H. Perez, Judge, for writs of certiorari and prohibition. Application dismissed.

A. V. Coco, Atty. Gen., T. S. Walmsley, Asst. Atty. Gen., and P. R. Livaudais, Dist. Atty., of New Orleans, for relator.

By WHOLE COURT.

DAWKINS, J. Relator asks us to prohibit the respondent judge from fixing for trial on his own motion certain criminal cases in the parish of St. Bernard over which he presides. It is alleged that respondent had proceeded to call and set for trial some half a dozen or more criminal cases, both misdemeanors and felonies, without consulting the district attorney and without any request so to do by the defendants therein.

We find this to be true, but it is also a fact that counsel for the state summoned his witnesses, tried one or more of the cases, and only applied for the relief sought here after he had been refused a continuance because of the absence of his principal witnesses. He therefore acquiesced to that extent in the action of the judge and is not in a position to invoke relief at our hands.

In these circumstances, we find it unnecessary and inadvisable to pass, at this time, upon the important question as to whether or not a trial judge may, of his own motion, call and set criminal cases for trial, or whether the matter is under the control of the district attorney until one side or the other has invoked the court's action.

For the reasons assigned, the preliminary writs are recalled, and the application dismissed.